fendant got by purchase after the judgment, if he aliened them before execution *bona fide*. Vide 2 Inst. 678. 2 Hen. 4, 14. F. N. B. 267. 2 Inst. 395. 4 Bl. Com. 419. *Termes de la Ley*. Voc. Execution. Cro. Car. 149. Co. Lit. 102. *a*. 2 Bac. Ab. 364, 365. Fitzherb. Abr. pl. 126.

Verdict for the defendant.

Mr. Rawle, *pro quer*.    Messrs. Lewis and Porter, *pro def*.

<hr>

WILLIAM HURST <em>against</em> EDWARD LITHGROW.

A grant by C. to E. of all his interest in certain grounds, reserving an annual rent payable to C. his heirs and assigns, with a proviso thereon that if he shall pay to C. a certain gross sum by instalments, that then the rent should cease, and a convenant on the part of E. to pay the said gross sum, is a ground rent deed, and the interest of C. may be taken in execution and sold by the sheriff.

A VERDICT was taken for the plaintiff on the 2d September last, subject to the court's opinion on the following case, for 66 dollars and two thirds of a dollar.

Charles Hurst being seized of sundry lots of ground in the city of Philadelphia, conveyed to the defendant Lithgrow, his heirs and assigns, a certain lot of ground, bounded, &c., reserving the yearly rent of 66 dolls. and 2-3d, payable thereout to Hurst, his heirs and assigns. In the conveyance were inserted clauses of entry and distress, if the rent should be in arrear, and of re-entry on the premises, in case no distress could be found, and also a covenant of quiet enjoyment. Then came the following clause ; provided always, and if the said Edward, " his heirs or assigns, shall pay to the said Charles 1,111 dolls. "and 10-90ths, in four equal annual payments, on the 17th days " of May 1787, 1788, 1789 and 1790, then the aforesaid rent "charge should cease. The deed also contained covenants on the part of the grantee to pay the yearly rent charge, and also the aforesaid 1,111 dolls. and 10-90ths, according to the instalments, and was dated on the 17th May 1784.

On the 2d July 1787, the executors of William Brownjohn obtained judgment and against Charles Hurst, and on the 24th December 1789, James Ash, esq., sheriff of the county of Philadelphia, conveyed to the plaintiff, his heirs and assigns, sundry rent charges, (the rent charge in question being one of them,) subject to the proportional part of a mortgage for 2,250*l*., and interest from the 11th November 1770, payable to Robert Edward Fell. The question submitted was whether the rent reserved was to be considered as a rent charge, and could be taken in execution ?

Messrs. Tilghman and Rawle for the defendant.

This conveyance must be judged of on the mere face of it,

and no fraudulent design is to be imputed to the contracting parties. The point is, what was their intention, for that must control the operation of the deed. It is an absolute conveyance of all the interest of the grantor, and is equivalent to the taking back a mortgage for the consideration money, with a covenant in gross to pay interest money in the mean while. This interest money, which is miscalled by the parties a rent charge, cannot be considered as real estate, subject to a sheriff's sale. If the grantor had died, would his executors or his heirs be entitled to the arrears? If there had been an action in the grantee to redeem or not redeem at his option, the intervening interest might be considered as a rent charge. Here he has no such election, and he has covenanted by an absolute, substantive, independent clause, to pay off the consideration money of 1111$\frac{10}{90}$ dollars, at limited periods.

The grantor by no act of his own, could prevent the grantee from paying the sum, and thereby free himself fron the payment of the yearly sum. One of the instalments had actually become due when the judgment was obtained. And the sheriff's vendee could not possibly be placed in a better situation, than Charles Hurst, whose property was sold.

The court stopped Messrs. Ingersoll and Lewis, from speaking to the question, on the part of the plaintiff. They were clearly of opinion that the deed created a rent charge; the powers of distress and re-entry evidently show it, after the grantor made over his whole estate to the grantee in fee simple. (See 2 Bl. Com. 42.) A much less interest than what Charles Hurst had in the premises, might been seized in execution and sold by the sheriff. All possible contingent titles in lands accompanied with a real interest, might be thus seized and sold. It is true, the covenant and proviso run with the land. And the plaintiff may enforce the defendant's covenant to pay the money in extinguishment of the rent, and *vice versa*. But until the money is paid, the deed wears every feature of the rent charge.

Judgment for the plaintiff.