The -opinion-of the Court was delivered by
Tilghman, C. J
Whether in case of a venditioni ex-ponas, issued by a Court of Common Pleas of one county directed to the Sheriff of another county, the Sheriff who sells, may make a valid acknowledgment of a deed before the Court of his own county, before the return day of the writ^í do not think it necessary to decide, because even supposing the apknowledgment in this case not to have been good, there are other circumstances sufficient to establish the plaintiff’s right of recovery. Thé Court of Common Pleas .went too far, in saying, that before.the Sheriff can demand his money, he is bound to tender to the purchaser, a deed legally acknowledged;, The law cannot be so. The Sheriff is not bound to acknowledge his deed before he demands the money, because it may be that the purchaser will not pay, and in that case the Sheriff has a right to put up the land to sale again, or to return that it remains unsold, &c. The purchaser runs no risque of loss, in paying the money and' accepting the deed before its acknowledgment, because the Court will compel the Sheriff to make the acknowledgment; and in case of his death before it is made, the Court may order the title to be perfected by his successor in office. What could Sheriff Hart have done in the present instance ? The defendant accepted the deed acknowledged as it was, and retained the possession of it. The Sheriff therefore had it not in his power to ■ make another acknowledgment, which he might have done had the defendant requested it. But it does not appear, that the defendant Complained, or that the Sheriff had the least suspicion of any imperfection in the deed. Why then could not the defendant pay the purchase money ? It cannot be- said, that he has received no consideration—he has a good title in equity-—hé has, or might have had, if he chose it, possession of the land. If he has not the complete legal title, it is owing in part at least to his *200 own negligence or default, and he may have the title per-1 fected whenever he thinks proper to pursue the legal steps for that purpose. When Sheriff Hart made return on the venditioni exponas that he had sold to the defendant, and * , had the money ready in Court, as by the writ he was com-he become immediately responsible to Thomas Qra{g for the whole amount of the purchase money. It may be, that in the present situation of the country, the land would not now bring what the defendant agreed to pay for it, and it would be extremely hard indeed, if the loss would fall on the Sheriff. It is not on the hardship of the case however that this Court is to decide. The question is, was the charge of the Court of Common Pleas correct? Was it necessary for the Sheriff to tender a deed, legally acknowledged, before he demanded the purchase money? I am of opinion that it was not. In that respect the charge, was erroneous. The judgment must therefore be reversed, and a venire Jadas de novo awarded.
Judgment reversed and a venire Jadas de novo awarded.