The opinion of the court was delivered by
Gibson, C. J.
The only principle that could produce an effect
on the event, has already been determined in Franciscus v. Reigart; where it was held that the conditional owner of the fee cannot defalcate taxes assessed on the land. What is there in this case besides ? It is not pretended that there was a separate assessment on the ground rent; and if there had been, what concern would the occupant have had with it ? The act of the 3d of April, 1804, subjects the tenant to taxes assessed on the land, and empowers him to recover it from his landlord by action or defalcation; but the tax on ground rent is chargeable on a distinct species of property. Besides, though the owner of it is usually called the ground landlord, the expression is evidently an inaccurate one. Subinfeudation no more exists here than it does in England, since the statute of quia empierres; and there is nothing like tenure, where the rent is not incident to the reversion. Now, such a rent as the present, is charged on the land, the instant the ground landlord parts with the fee, leaving in him but a condition of re-entry; and even the reservation of that may b.e omitted. And it may, by force of *86 the deed, be charged on land of which the ground landlord never was the owner. The clause in the act above quoted, has respect to taxes, for whi<¿ the tenant is liable by his position as the occupant, but for wh*?a he is not liable by any agreement with his landlord. His case would call for a liberal construction, if he were exposed to payment of the ground rent taxes,- but by no statute whatever is his person or chattels chargeable with any burthen, that is not assessed specifically on the land. The statute has expressly subjected ground rents to taxation, eo nomine; but it has provided no remedy to enforce payment by distress on the land from which it issues; and the tax is consequently to be collected as a tax on land was previously to be collected — by recourse to the person or chattels of the owner. It is undoubtedly true, that he, like the owner of land when the tenant was irresponsible, may be beyond the reach of the collector. Taking for granted, however, that this species of property, unlike a chattel interest which attends the person of the owner, is to be taxed, but in the county where the land lies, the right of taxing it not being determinable by the domicil, yet, as the statute which makes the tenant liable for taxes assessed on the land, has not made him liable for taxes on quit rents issuing out of the land, we cannot supply what we might’ suppose to be the effect of an oversight. Nor do we conceive that the defect, if there be one, is of great.magnitude, as it is the practice in the country to assess a full tax on the land, without regard to incumbrances, and to overlook the quit rents altogether; in consequence of which, an inconvenience from want of means within, in the county, has not been so striking as to challenge legislative inquiry. But if that were otherwise, to provide such means would exceed our power.
The proposition also asserted here, that separate taxes, on separate subjects of taxation, separately owned by distinct persons, may' be indiscriminately assessed on the same subject matter, leaving the owners to settle their respective proportions of what would thus be made a common burthen, is still more extravagant. To admit that a tax on the quit rent may be assessed conjointly with that on the land, would deprive the rent-holder of his separate right of appeal, which, by a particular legislative provision, lies in this case to the Common Pleas. There was in fact and in law, therefore, no assessment on the quit rent, and no duty owing for it; but if that were otherwise, it would not be material to inquire whether there was error in the method adopted to ascertain the measure of its relative proportion; for,whether it were assessed jointly or separately, the occupant could not, by voluntary payment, make himself a creditor of the person properly chargeable with it.
But the exception to the jurisdiction is not sustained. We have already intimated. that an objection to competency, under the act for the establishment of Special Courts, must be addressed to the *87 discretion of the judge himself; and this is conformably to the principle of the common law, which exempts a judge from challenge. Nor can there be danger in leaving the matter to him. A sense of duty in keeping his administration not only pure but unsuspected ,* and the reprobation that would ensue an evident desire to favour a party by retaining the cause, must always incline him to surrender it where he may do so by the most comprehensive construction. Into the supposed relations of the parties, therefore, we are forbidden to inquire; and we are bound to suppose that the legal discretion of the judge, in holding himself exempt from the bias incident to the imputed causes of it, has been soundly exercised.
Judgment reversed and a venire de novo awarded.