## Morrison *against* Wurtz.

A purchaser at a sheriff's sale, before his deed has been acknowledged, has an inceptive interest in the land by the contract, which may be bound by the lien of a judgment.

ERROR to the common pleas of *Somerset* county.

Maurice and William Wurtz for the use of William Meredith against Abraham Morison. Case stated in the nature of a special verdict.

The above named plaintiff, on the 21st of November 1818, obtained a judgment by confession against John Coffroth in the above named court. A *fieri facias* issued upon the judgment returnable to August term 1820, No. 70, which was levied upon a house and half lot in the borough of Somerset. A *pluries venditioni exponas* issued, returnable to August term 1822, No. 33, and the property was sold to the defendant for 575 dollars. John Coffroth's title to this property was derived as follows. A judgment had been obtained by the Alleghany Bank of Pennsylvania, indorsee of John Coffroth, against Henry Ankeny, upon which an *alias venditioni exponas* issued, returnable to May term 1818, No. 50; part of the property therein mentioned, to wit the house and half lot above mentioned, was sold to said Coffroth for 1102 dollars, and the money paid to A. Morrison, attorney of the bank. On the 18th of November following the sheriff made and executed a deed for said property. This deed was acknowledged on the 5th of December 1818. On the same day a judgment was entered in the said court in favour of Roland and Segur against the said John Coffroth. The question for the consideration of the court is, whether the defendant is entitled to retain the amount of the sale on Maurice and Wurtz's execution, and apply it to the judgment of Roland and Segur, or whether it ought to be applied to the judgment of Maurice and Wurtz. If the court should be of opinion with the plaintiffs that the proceeds of the sale should be applied to the judgment of Maurice and Wurtz, then judgment is to be entered in their favour against the defendant

[Morrison v. Wurtz.]

for the sum of 575 dollars, with interest from the time of sale ; but if the court should be of opinion that the judgment of Roland and Segur should be first satisfied from the sale, judgment is to be entered for the defendant.

The court below (Thompson, President) rendered a judgment for the plaintiff.

*C. Forward* and *J. B. Alexander*, for plaintiff in error, cited, 3 *Watts* 403 ; 2 *Rawle* 188 ; 13 *Serg. & Rawle* 332 ; 4 *Watts* 58 ; 5 *Watts* 205.

*Howel* and *Ewing*, for defendant in error, cited, 1 *Hall's Law Journal* 91 ; 5 *Serg. & Rawle* 161 ; 8 *Serg. & Rawle* 440.

PER CURIAM.—When this court determined, as it did since the argument in Stoever *v.* Rice, 3 *Whart. Rep.* 24, that a sale by a sheriff is attended with the ordinary consequences of a sale by an individual, it decided the point before us. The purchaser may not be entitled to the possession or the rents and profits before his deed has been acknowledged, but he has, by the contract, an inceptive interest in the soil, which may be bound by a judgment, on the principle of Clarkhuff *v.* Anderson, 3 *Binn.* 4, and which, when perfected by payment and a conveyance, gives the incumbrancer, by relation, the benefit of his security to the extent of the whole estate. The plaintiff therefore was clearly entitled to priority.

Judgment affirmed.