# Stephens's Appeal.

On the 21st November 1835, A. purchased at auction the land of B. Both signed conditions of sale stipulating that one-third of the purchase money was to be paid on the 1st April 1836, when title would be executed and possession given. On the 8th April 1836, C. obtained a judgment against A. On the next day a deed was executed in pursuance of the conditions of sale, and the first instalment was paid. On the 10th April 1837, D. obtained a judgment against A. The land was afterwards sold by the sheriff as the property of A. *Held*, that C.'s judgment was entitled to the proceeds in preference to that of D.

APPEAL from the decree of the Common Pleas of *Bucks* county.

On the 21st November 1835, Emanuel Whitham purchased certain real estate at auction for $140. The conditions of sale, which were signed by both parties on that day, stipulated that one-third of the purchase money was to be paid on the 1st April 1836, when title was to be executed and possession given, one-third on the 1st April 1837, and the remaining third at the death of the widow of one of the grantors. On the 9th April 1836, the first instalment was paid, and a deed dated 1st April was executed under the conditions of sale by all the parties but one, who was

not then of age, but who since executed it on the 21st November 1836. The deed was to be retained by the scrivener until this party became of age. It did not appear when possession was taken. There was no formal delivery of possession. The second payment with interest was made on the 11th April 1837. The deed was delivered after that date.

On the 8th April 1836, William Stokes obtained a judgment against Whitham. On the 10th April 1837, David J. Stephens also obtained a judgment against Whitham. These judgments were duly revived. The estate in question having been sold at sheriff's sale as the property of Whitham, the court below discharged a rule to show cause why Stephens should not take the amount of his judgment out of the proceeds. From this decision Stephens appealed.

*Dubois,* for the appellant, referred to 8 *Serg. & Rawle* 425; 2 *P. R.* 101; 9 *Serg. & Rawle* 397; 16 *Ibid.* 431; 2 *Watts* 16; *Ibid.* 373; 8 *Ibid.* 423; 2 *P. R.* 223; 7 *Watts* 437.

*Roberts,* contra, was stopped by the court.

The opinion of the Court was delivered by

Huston, J.—This was an issue to try who was entitled to some money raised by the sale of a lot of ground as the property of E. Whitham. The question arose on the following facts. On the 21st November 1835, certain lots were sold at auction by a person having authority to sell. At this sale Whitham purchased a lot which was afterwards sold as his at sheriff's sale, and this suit was about the proceeds brought into court. On the 21st November, written terms of sale were made; one-third of the purchase money to be paid on the 1st April 1836, when a deed was to be made and possession given; one-third to be paid on the 1st April 1837; and the remaining third on the death of a widow, who was to receive the interest thereof annually. Whitham and the vendor each signed the conditions of sale, whereby the one became bound to convey the lot in question, and the other to accept the deed and pay for it according to the conditions of sale. From some cause not explained, the deed, though dated 1st April 1836, was not executed and acknowledged until the 9th April. Then it was by consent of parties left with the scrivener a short time till one of the parties to a power to the agent who sold should come of age; but the first payment was made. On the day previous, viz., 8th April 1836, Stokes entered a judgment against Whitham. On the 10th April 1837, Stephens entered a judgment against Whitham. Whitham paid the second instalment on 11th April 1837. The third, reserved till the widow's death, remains still in the land.

Whitham being indebted, this lot and other property of his was

sold, and the proceeds brought into court. Stokes and Stephens are contending for these proceeds. It was observed this was not the case of the vendor contending against the purchaser of the vendee's interest. The purchaser at sheriff's sale has bought and paid for Whitham's interest; he also has nothing to do with this question. The case of *Colhoun* v. *Snider*, (6 *Binn.* 147), in which it was decided that a judgment did not bind after purchased lands, gives rise to this question. I shall not go into the grounds and reasons of that decision, nor enter into the question whether a practice adopted and practised on above thirty years ought to be changed, because we have not the first direct decision on the subject, or even if we believe the first decision ought to have been otherwise, so far as that decision goes, we have adhered to it; that is, if A. has a judgment against B., who afterwards contracts for and pays for lands, the judgment is not a lien on those lands in the hands of the purchaser from B., unless an execution on A.'s judgment had been levied on said lands before B. sold them.

This is not that case. Here the execution was levied while Whitham still held the lands, and they were sold as his; and Whitham had bought the lot before the judgment was entered, and has paid all the instalments as they fell due. That the deed was not made and money paid on the 1st April makes no difference as to third persons; both were bound by the conditions of sale and the signature of the purchaser. If a house on the premises had been burned, it is conceded the loss would have fallen on Whitham. If Whitham had built houses worth $10,000 after this judgment, the lien would have extended to them. If there had been a mortgage or prior judgment binding this property, and Whitham had paid them off, this judgment had the benefit of such payments. A judgment does not bind the interest of another judgment creditor or mortgagee, because such is not a right to the land, but to the proceeds of it; but it binds any and every interest in the land itself, whether legal or equitable; for this we have the cases cited and many others. It is common to buy land to be paid for by instalments, and it would make sad confusion if a judgment bound only the interest covered by the payments made, and the vendee could sell or mortgage the proportion not yet paid for. We have not gone so far, and I hope will not. The judgment bound the interest of him against whom it was entered, and whether that interest is increased by payments or improvements or lessened by floods or fires, it still binds his interest, his right to the land. The case of *Morrison* v. *Swartz* (7 *Watts* 437), is express that a judgment binds the right of a bidder at sheriff's sale before any deed is made to him; and yet before the deed, the writ or the levy or sale may be set aside. The case of such purchaser certainly cannot be greater than that of one by articles signed by vendor and vendee.

Judgment affirmed.