*Shunk and Alricks, for plaintiff.*

*Lamberton, for defendant.*

---

*Court of Common Pleas, Dauphin County, December 17th,* 1858.

## OGDEN *v.* KNEPLER.

When a judgment is obtained against a man who has an interest in property, either by way of executory devise or contingent or vested remainder, it is a lien upon this property, and must be preferred to those obtained after the party has acquired a complete title.

BY THE COURT.—This case comes before us on an exception to the report of an auditor, who awarded the largest portion of the money arising from the sale of John Knepler's property to A. O. Hiester, the oldest judgment creditor. No objection has been made to the reports giving part of the fund to Mary E. Knepler on account of her arrears of dower due at the time of the sale. If John Knepler had such an interest in the property sold at the time A. O. Hiester's judgment was obtained, as was the subject of a lien, the money is properly awarded. If it must be treated as after-acquired property, the money should have been awarded to the later judgment. This question depends on the proper construction of the will of John Knepler, Sr., deceased.

After the most careful consideration of the auditor's report, we are of the opinion that he has correctly solved the question, and his decision is fully supported by the authorities cited. If the

reversion of this estate remained in John Knepler, Sr., it descended to his heirs at law, John Knepler, Jr., and Mary Roaks, immediately on his death. No part descended to David as a reversioner, for he was otherwise provided for by the will in relation to this property; he was to have it during life, after the widow's interest ceased, with the remainder over to his lawful issue in fee simple, if he should have issue living at the time of his death. That such a reversionary interest may be bound by a judgment in this State is decided (Amelong v. Dorneyer, 16 S. & R. 323). It was not merely the reversionary interest of John Knepler, Jr., that was sold, but as David Knepler had died without issue, after the rendition of the judgment and before the sale, the entire fee simple would have passed by a sale on Hiester's judgment. Although it is clearly settled in Pennsylvania, ever since the decision of Colhoun v. Snider, 6 Binn. 135, that after-acquired property is not bound by a judgment previously obtained, yet we consider it equally clear that where the debtor has any interest in it when the judgment is rendered, the lien attaches to the entire title when perfected, whether by deed, devise, or descent. In several subsequent cases the binding authority of the decision referred to has been recognized. Yet the court declares that it will not carry the principle one jot beyond the case there decided (Reichter v. Snyder, 8 S. & R. 440; Carkhuff v. Anderson, 3 Binn. 4; Morrison v. Wurtz, 7 Watts, 437; Stephen's Appeal, 8 W. & S. 186). But supposing that the auditor and this court are both in error in regard to the estate or interest of John Knepler in the house and lot at the time the earliest judgment was rendered, the next question is, what was the extent of his interest at that time, and was it the subject of a lien? To present this question in a manner most beneficial to the junior judgment creditors, we may assume that the estate passed to John either by way of executory devise or as a contingent remainder. For if the remainder was vested, it could be levied on and sold by the sheriff beyond any question. We are disposed to think that, if not an estate in reversion or remainder as determined by the auditor, it would have to be supported as an executory devise. To make a good contingent remainder by deed there must be an estate of freehold to support it, or if upheld by an estate for years, there must be livery of seisin; for the freehold must pass out of the grantor at the same moment that it vests in the remainderman. The estate for life is not immediately given to David, but the testator first carves out of it an estate for his widow during her widowhood, not an estate of freehold, and subject to be defeated at any time on her marrying or refusing to take, which latter was the case here. After the estate to David for life, the fee simple is given to his lawful issue, if he shall leave any living at the time of his death; and if he shall not have such issue, "then to my nearest blood.

relations and their heirs and assigns," thus limiting a fee simple upon a fee, which can only be supported by way of executory devise. The legal objection existing against this estate as an executory devise, and not a reversion in the grantor and his heirs, is that the "nearest blood relations" are not named, and therefore we cannot tell whether they are or are not lives in being. Had the devisor named the son John and daughter Mary and their heirs as the parties to take, I should have clearly considered it an estate in them created by way of executory devise. It is our duty to construe this an estate in remainder, if the words used and the rules of law will permit, as being a more stable and worthy estate than an executory devise, and a vested rather than a contingent remainder. But even if the estate vested in John only by way of executory devise, the most uncertain of any other character of estate, still, according to adjudicated cases, his interest could be levied on and sold, even before the death of David, and consequently after his death; according to the principles already referred to, the judgment of Hiester bound the entire estate as descended (DeHaas v. Bunn, 2 Barr, 335). There the subject is fully examined and decided. There the sale was of the interest of him to whom the estate was limited before the particular estate was spent, yet it was held to be good and to pass the title. We have no doubt that a judgment will bind the interest of one who has only a contingent remainder in land, and that the estate may be sold by the sheriff before it comes into possession. If it can, the judgment acquired at that time binds the whole title when obtained. It has been held in England, that such a contingent interest or possibility in a bankrupt passes by his assignment (3 P. W. 132). Even an executory devise is held to be transmissible, assignable, descendable, and devisable (3 Term Rep. 93 to 98). In this State a judgment binds an equitable and even an inchoate interest, provided it be an estate in land (2 Rawle, 188). A person's interest in a contingent remainder is an estate, and is so ranked and classified by all elementary writers. It was decided at a very early period in our judicial history, that all possible titles, contingent or otherwise, in land could be sold, but it must be a real interest, and not that of an heir apparent (Humphreys v. Humphreys, 1 Y. 427). The interest of a ground landlord may be sold, although the deed contains a covenant that the tenant may redeem at any time by paying a gross sum (2 Y. 24). So a purchaser at sheriff's sale, before payment of the money or deed acknowledged, has an incipient interest, which may be bound by a judgment (Morrison v. Wurtz, 7 Watts, 437). In Carkhuff v. Anderson (3 Binn. 4) it was held that every kind of equitable interest in land is bound by a judgment, and that was applied to a claimant whose title was declared void, but who had a right to come in and have it confirmed, which was not done by him, but

by his assignee at sheriff's sale. So it was held that when a man had conveyed property in fee for the purpose of building a school-house and church, with the condition that if the building should be used for any other purpose it should revert to the grantor, there was, before violation of the contract, such an interest in the grantor as was bound by the judgment, and the purchaser at sheriff's sale could take advantage of the breach of conditions, and claim the revertor (McKissick *v.* Pickle, 4 H. 140). So where property was purchased at auction, and a judgment was obtained before the money was paid or deed executed, held that the judgment creditor was entitled to the money in preference to one who obtained a judgment after the deed was delivered (Stephen's Appeal, 8 W. & S. 186). So where a man leased land from another, with a condition that if he made valuable improvements, he should have the property at a valuation to be fixed afterwards, it was held that the lessee had such an interest as could be bound by a judgment (5 S. & R. 124). The principle is reiterated that every kind of *equitable interest* in land is bound by a judgment (Lynch *v.* Dearth, 2 Penna. 111). It has been held that after an assignment according to law for the benefit of creditors, the assignor has still such an equity in the land as will be bound by a judgment, as he has the possibility of its reverting on the payment of his debts (9 H. 29). The interest of a tenant by the curtesy initiate, or a tenancy in dower is bound. "In short," says Judge Rogers, "every interest of every description in land may be sold on execution" (Thomas *v.* Simpson, 3 Barr, 69 ; 12 S. & R. 12). So the interest of the vendee of land under a verbal contract in part performed; and the judgment will attach to the title when made, or the purchaser at sheriff's sale may comply with the unperformed conditions and claim the deed. Therefore we consider it very clear that the inchoate title of John Knepler was bound by Hiester's judgment, and the report of the auditor awarding to it that sum is correct and must be confirmed.