## Springer, with notice to Wittich, *versus* Phillips, Alienee, &c.

1. A ground-rent was reserved to Parry, the grantee covenanting for himself and his assigns, to pay to Parry, his heirs and assigns, the principal after ten years. *Held*, that an alienee of Parry, after the ten years, might maintain covenant against the alienee of the grantee.

2. After the ten years, the owner of the rent continued to receive it; the right to demand the principal did not thereby lapse and the rent become irredeemable after that time.

3. Such rent will not be held irredeemable unless the intent of the parties to the deed is very clear to make it so.

4. The policy of the law is to unfetter lands and make them freely alienable.

5. Parry covenanted that on the payment of the principal the rent should be extinguished, &c., and that he, his "heirs and assigns," would at the cost of the grantee, "his heirs and assigns, execute" a release and discharge of the rent to the grantee, "his heirs and assigns." *Held*, that the release was to be prepared by the grantee and tendered for execution to the owner of the rent.

6. The action for the principal was a demand; the owner should prepare the release and bring the money into court; his rights would there be protected by a proper order.

7. In this case the Supreme Court, in affirming the judgment below for the principal of the rent, directed that the owner of the land have leave to file in court a release, to be executed by owner of the rent and be delivered to the owner of the land on payment of the principal, and on failure to file the deed in thirty days, execution might issue.

February 12th 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 27, to July Term 1871.

This was an action of covenant, commenced November 19th 1870, by Benjamin Phillips, alienee of Oliver Parry and Rachel R. his wife, and Nathaniel Randolph against John Springer, with notice to Conrad Wittich, terre-tenant.

It was brought to recover the principal reserved in a ground-rent deed dated March 30th 1852, between Parry and wife and Randolph of the first part and Springer of the second part. By the deed the grantors conveyed to the grantee a lot of land in Third street, Philadelphia, in consideration of one dollar and the "performance of the covenant and agreement," thereinafter mentioned. The reservation was:

" Yielding and paying therefor and thereout unto the said Oliver Parry and Nathaniel Randolph, their heirs and assigns, the

[Springer v. Phillips.]

yearly rent or sum of fifty-four dollars lawful silver money of the United States of America, each dollar weighing, &c., in equal half-yearly payments on the first day of the third and ninth months in every year hereafter for ever." * * *

The deed further provided: "That if the said John Springer, his heirs or assigns, shall and do at any time, within ten years from the date hereof, pay or cause to be paid to the said Oliver Parry and Nathaniel Randolph, their heirs or assigns, the sum of $900 lawful money as aforesaid; and the arrearages of the said yearly rent, to the time of such payment; then the same shall for ever thereafter cease and be extinguished, and the covenant for the payment thereof shall become void; and then they, the said Oliver Parry and Nathaniel Randolph, their heirs or assigns, shall and will, at the proper costs and charges in the law of the said grantee, his heirs or assigns, seal and execute a sufficient release and discharge of the said yearly rent hereby reserved to the said John Springer, his heirs and assigns for ever," &c.

And the said John Springer, for himself, his heirs, executors, administrators and assigns, doth hereby covenant and agree to and with the said Oliver Parry and Nathaniel Randolph, their heirs and assigns, to pay the said principal sum of $900, within the period of ten years from the date hereof, in extinguishment of said ground-rent, and in default thereof the same may and shall be forthwith recoverable by the said Oliver Parry and Nathaniel Randolph, their heirs or assigns, against the said John Springer, his heirs and assigns, with all arrears of said rent, and be first payable out of the proceeds of the sale of the said premises under any judgment for said principal sum, and upon payment and satisfaction of such judgment with all arrears of said rent to the date of such payment, the said ground-rent shall forthwith cease and become extinguished as aforesaid." * * *

By deed, Parry and wife and Randolph assigned the deed, &c., to Phillips.

Wittich, the terre-tenant, filed an affidavit of defence, averring:

That he has paid to the plaintiff the annual rent above reserved in full. That he is advised, and believes, that the plaintiff cannot set up and claim anything, on account of the covenant made by the original parties to said deed—the one to extinguish said rent, the other to pay $900, the consideration therefor.

1. Because such covenants are not assignable at law, and that this was not, in fact and in terms, assigned to plaintiff.

2. That no deed of extinguishment was tendered to defendant before suit brought.

3. That the assignment of said rent to plaintiff worked a dissolution and breach of said covenant on the part of plaintiff's vendors, and that the said covenant thereupon became void, and was mutually waived, abandoned and extinguished.

[Springer *v.* Phillips.]

4. That neither the plaintiff nor this deponent are parties or privies to said covenant.

5. That the said supposed breach, if any, on the part of affiant occurred on the 30th day of March, A. D. 1862, and thereupon, a right of action, if ever, accrued to plaintiff on said covenant to recover the said $900, with interest in currency; but the plaintiff did not then, nor in any reasonable time afterwards, tender his deed of extinguishment and demand his money with interest, but on the contrary waived and relinquished said breach, if any there was, and demanded ground-rent in specie as reserved in said deed; and in consideration of the premises, this affiant did agree to pay, and in fact has paid, to the plaintiff, from time to time, all the ground-rent as the same became due, in specie, up to the present time. Wherefore he says that the supposed breach, if any there were, has by mutual agreement, and for a sufficient consideration, been condoned, tolled, and the covenant rescinded before suit brought.

It was admitted by agreement in writing, that the ground-rent had been paid in specie, by Wittich the terre-tenant, on March 1st 1871.

The court entered judgment for the plaintiff for want of a sufficient affidavit of defence.

Wittich the terre-tenant took out a writ of error.

*L. Stover*, for plaintiff in error.—The covenant was personal between the grantors and Springer the grantee: Congleton *v.* Pattison, 10 East 180; Coke Litt. 215 b; Spencer's Case, 5 Reports 16.

The covenant being mutual and dependent, the party suing must allege and show performance: Stokes *v.* Burrell, 3 Grant's Cases 242; Bank *v.* Hagner, 1 Peters 464; 2 Smith's Leading Cases 26, note 5.

Acceptance of rent after breach is a waiver: Newman *v.* Rutter, 8 Watts 55.

*E. Hunn, Jr.*, for defendant in error.—The covenant runs with the land and may be enforced by the assignee: Hurst *v.* Lithgrow, 2 Yeates 24. The covenant to pay the principal to assignee binds as the covenant to pay the rent.

The deed is to be construed according to the intentions of the parties: Newman *v.* Rutter, 8 Watts 51; Bear *v.* Whisler, 7 Id. 144. Plaintiff and defendant are privies in contract and estate: Thomas' Co. Lit. 506; 2 Prest. Conv. 327, 345; Bouvier's Law Dict., tits. *Privies, Privity of Estate, Privity of Contracts.* This is not a forfeiture, nor an entry, nor a penalty: 2 Bl.

[Springer v. Phillips.]

Com. 267; Wharton's Lexicon, tit. *Forfeiture*. This action is the demand: Byles on Bills 170, 361.

The covenant to pay the principal is distinct from the covenant to pay rent, and so is not affected by the receipts if the receipts are to be construed as receipts for the rent: Bear v. Whisler, 7 Watts 144; Irvine v. Campbell, 6 Binney 118.

The opinion of the court was delivered, February 26th 1872, by

AGNEW, J.—The right of the plaintiff to maintain this action is very clear. The covenant extends in express têrms to the *assigns* of the original ground-landlord, and descends also upon the *assigns* of the original grantor of the estate. It relates directly to the estate itself, which is bound for the rent, and is discharged by the payment of the stipulated price. It would be difficult to conceive of a covenant real more intimately connected with the subject-matter of the deed, or which more directly concerns the holder of the rent and the owner of the land out of which it issues. The following authorities are referred to if any were necessary to prove so plain a proposition: Streaper v. Fisher, 1 Rawle 155; Herbaugh v. Zentmyer, 2 Rawle 159; Weidner v. Foster, 2 Penna. 23; Royer v. Ake, 3 Id. 461.

Under the special terms of the covenants in the ground-rent deed, it was not necessary to tender the release of the rent prior to a suit on the covenant for the payment of the stipulated price, viz., $900. The language is, " then (that is payment of the price being made) the same (to wit, the rent) shall for ever thereafter cease and be extinguished, and the covenant for the payment thereof shall become void; and *then* the said Oliver Parry and Nathaniel Randolph, their heirs or assigns, shall and will, *at the proper costs and charges in the law of the said grantee, his heirs and assigns*, seal and execute a sufficient release and discharge," &c. It is evident that the release was by the terms of the covenant to be prepared by the owner of the land, and tendered for *execution* by the owner of the rent. The action is a demand, and all the owner of the estate had to do was to prepare the release and bring the money into court, and his rights would be protected by a proper order. This can yet be done by our order in relation to execution.

We are also of opinion that by all the terms of the deed when considered as a whole, the right to demand the nine hundred dollars as the price of the estate, did not lapse by the expiration of the term of ten years, and the continued payment and acceptance of the rent afterwards. The undoubted intention of the parties as gathered from the entire deed was, that the ground-rent should be extinguished by the payment of the stipulated price of the property within the term of ten years; but there is nothing which evidences an intention to make the rent irredeemable after that

21 P. F. SMITH—5

[Springer *v.* Phillips.]

time. The policy of the law is to unfetter the lands of the Commonwealth, and make them freely alienable. There should be something very clear in the intent of the parties to the deed to fix upon the estate an irredeemable charge before we should be compelled to declare that to be the effect of the deed.

These are all the questions in the record which we deem worthy of notice, and the judgment is therefore affirmed, and it is also ordered that the defendant below, and Conrad Wittich, terre-tenant, have leave within thirty days to file in the office of the prothonotary of the District Court, a deed of release and discharge of the yearly ground-rent reserved, to be sealed and executed by the plaintiff below, according to the covenant set forth in the deed creating the ground-rent, and to be delivered to the said Conrad Wittich, on the payment of the sum of $900 and interest since March 1st 1871; and that execution be stayed in the meantime; and on the failure of the defendant and terre-tenant to file a deed for execution within that period, the plaintiff may have leave to issue execution on his judgment.