## Frank, Appellant, *v.* McCrossin.

*Ground rents—Taxes—Payment—Assumpsit.*

Where an owner of land charged with a ground rent fails to pay the taxes assessed on the land, and subsequently defaults on the ground rent, and the owner of the ground rent obtains judgment for the arrears of rent, and at a sheriff's sale under the judgment buys in the land, and in order to save the property, pays the arrears of taxes, he may in an action of assumpsit against the former owner recover the amount of the taxes which the former owner should have paid.

94 FRANK, Appellant, *v.* McCROSSIN.

Argued Dec. 12, 1906. Appeal, No. 210, Oct. T., 1906, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1906, No. 1,452, discharging rule for judgment for want of a sufficient affidavit of defense in case of Philip Frank v. Thomas F. McCrossin. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover amount of taxes paid by plaintiff.
The opinion of the Superior Court states the case.

*Error assigned* was the order discharging rule for judgment for want of a sufficient affidavit of defense.

*Stanley Folz,* with him *Leon H. Folz,* for appellant.—Whenever a person, by reason of being legally bound, or in order to protect his own interest, has paid the debt of another, which as between himself and that other the latter is bound to pay, the person paying may recover the amount so paid in an action of assumpsit, founded on the implied promise of the defendant to reimburse him: Hogg v. Longstreth, 97 Pa. 255; Caldwell v. Moore, 11 Pa. 58; King v. Bldg. Assn., 106 Pa. 165; Bldg. & Loan Assn. v. Webb, 12 Pa. Superior Ct. 545; Fidelity Ins., etc., Co. v. Bldg. & Loan Assn., 17 Pa. Superior Ct. 270; Landreth v. McCaffrey, 17 Pa. Superior Ct. 272; Theobald v. Sylvester, 27 Pa. Superior Ct. 362.

The convenant to pay taxes runs with the land: Smith's Leading Cases, vol. 1, p. *68.

No appearance nor printed brief filed for appellee.

OPINION BY PORTER, J., February 25, 1907:

The plaintiff filed a statement, in this action of assumpsit, which averred the following facts material to the question presented by this appeal: Charles C. Moore, on September 26, 1893, granted and demised the premises, No. 2101 Monmouth street, in the city of Philadelphia, to Albert Kirn, his heirs and assigns, reserving a yearly ground rent of $120. The deed contained covenants by Kirn, for himself, his heirs and assigns, to pay the yearly ground rent of $120, to pay all taxes thereafter to be assessed upon the land, as well as upon the ground rent charged by the deed thereof, and to

pay the principal of said ground rent, $2,000, in redemption of the rent, at the expiration of five years from the date of the deed, and that, in default of said payment, " the said sum shall be forthwith recoverable by the grantor, his heirs and assigns, against the grantee, his heirs and assigns, with all the arrears of the said ground rent, and first payable out of the proceeds of the sale of said premises under any judgment for the said principal sum," etc. Moore conveyed the ground rent, on December 28, 1893, to the plaintiff. The title to the land and house thereon, subject to the ground rent, became vested, on July 1, 1897, in the defendant, whose deed was duly registered and recorded on July 7, 1897, and he continued in possession of the property and received the rents thereof from that date until the sheriff's sale below mentioned. While the defendant was the registered owner of the land and receiving the rents of the house, the taxes for the years 1901, 1902, 1905 and 1906 were duly assessed by the city of Philadelphia against the said property and McCrossin as the owner thereof, which taxes aggregated the sum of $151.67, and they were not paid by the defendant. Default having been made by McCrossin in payment of the principal sum of the rent reserved, at the expiration of five years from the date of the deed, and, also, in the installment of rent which became due on October 21, 1905, the plaintiff brought an action under the covenants of the deed, in the court of common pleas, No. 2, of Philadelphia county, duly recovered a judgment against both Albert Kirn, the covenantor, and Thomas F. McCrossin, his alienee, and, as expressly authorized by the deed, caused the land to be sold at sheriff's sale, the plaintiff himself becoming the purchaser. The amount realized from the sale of the land at sheriff's sale was not sufficient to pay any part of the taxes above mentioned. The plaintiff, as the new owner of the land which remained subject to the lien of the taxes, was compelled to pay the same in order to save his property, and for the recovery of the amount so paid brings this action. The defendant filed an affidavit of defense which denied none of the material facts set forth in the statement, but alleged that upon this state of facts the plaintiff was not entitled to recover. The court below discharged a rule for judgment for want of a sufficient affidavit of defense, and the plaintiff appeals.

The defendant took title to the land subject to the ground rent. Kirn, the grantee in the deed which reserved the ground rent, had covenanted " for himself, his heirs and assigns " to pay to Moore, his heirs and assigns, the annual ground rent and the principal of said ground rent, $2,000, in five years, and to pay all taxes assessed upon the land. These covenants ran with the land, and could be enforced by the assignees of the original ground landlord against the alienees of the original grantee : Hurst v. Lithgrow, 2 Yeates, 24 ; Springer v. Phillips, 71 Pa. 60. That the owner of the ground rent was not liable for any part of the taxes in question, even without any aid from the covenants of the deed, is a question which is well settled : Franciscus v. Reigart, 4 Watts, 98 ; Philadelphia Library Company v. Ingham, 1 Wharton, 72. The defendant was the real owner and in actual possession of the property at the time the taxes were levied, and was legally and personally liable to be called on to pay them : Hogg v. Longstreth, 97 Pa. 255. And see as to the personal liability of the defendant for the tax the opinion of Judge ARNOLD, which was adopted by this court, in Landreth v. McCaffrey (No. 1), 17 Pa. Superior Ct. 272. The defendant held the land as against all the world except the ground landlord by an absolute title, and he could, under the covenants of the deed, extinguish the ground rent by paying the principal and the installment due. Being in possession he had no equity for the attempt to impose payment of the taxes on another person. The defendant failed to pay the taxes, and when the plaintiff enforced the covenants of the deed which created the rent he acquired title to the land, but it remained subject to the lien of the taxes which the defendant ought to have paid. This lien was not only entitled to preference over other liens, but was not discharged by a judicial sale on any other lien, unless the proceeds were sufficient to pay it. Therefore the plaintiff had no alternative but to pay the taxes owing by the defendant or lose the land. The plaintiff had, prior to the sheriff's sale, an estate in the rent issuing out of the land, but was not liable for the taxes upon the land. The duty to pay the taxes was upon the defendant, who was personally liable for the same. The lawful enforcement of the covenants of the deed which controlled the relations of the estates, of these parties respectively, resulted in vesting the

absolute ownership of the property in the plaintiff, but he was compelled to pay taxes for which his predecessor in title was legally and personally liable.   When a party is, under such circumstances, compelled, in order to save his property, to pay taxes for which he is not liable, and for which his predecessor in title is legally and personally liable, he may recover the amount so paid in an action of assumpsit : Hogg v. Longstreth, 97 Pa. 255 ; Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545 ; Theobald v. Sylvester, 27 Pa. Superior Ct. 362.   The plaintiff's statement sufficiently averred the facts which entitled him to recover the amount of the taxes, with interest, and the affidavit of defense was insufficient.

The order of the court below is reversed and the record is remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.