IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

1ws485
155   97
1 WS 485
209   386

## Richards *against* Ayres.

*Merger depends generally upon the intention of the parties to be affected by it, and an intent to prevent it will be presumed, whenever it is the interest of the party that the encumbrance should not sink in the inheritance.*

ERROR to the Common Pleas of *Susquehanna* county.

Isaac Ayres against Joseph T. Richards.   Feigned issue.

The object of this issue was to ascertain whether the plaintiff or defendant was entitled to the money made by the sale of the property of William Dobson, under a judgment of *B. Barnly* v. *William Dobson*, No. 79, February Term 1839; which was the oldest judgment.   The defendant claimed the money under a judgment, No. 66, September Term 1840, entered 15th of June 1840, against Dobson, in favour of J. S. & R. D. Peironnet.

Upon the face of the records the plaintiff was entitled to the money, and the question was, whether the effect of the evidence given, was either to satisfy the plaintiff's judgment, or postpone its lien to that of the judgment assigned to defendant.

John Clifford became the assignee of the oldest judgment, entered 5th of February 1839; and it seems from his testimony, that Dobson, by an arrangement made between them, was to convey the land, from the sale of which this money is made, to Ayres, the plaintiff, and that Ayres agreed to pay Clifford the

I. — 2 Q *

amount of this judgment. At the time this arrangement was made, Dobson affirmed that there was no other lien upon the land. The deed to Ayres was executed on the 23d of June, and on the same day it was discovered that Peironnet's judgment had been entered on the 15th; when this was ascertained, Clifford, who had intended entering satisfaction on his judgment, assigned it to Ayres, Ayres having paid him, or given his note for the amount. Clifford testified that by the agreement, he was to assign the judgment to Ayres, if it became necessary for his security. He did so assign it, when he found that the deed of Dobson would not convey an unencumbered estate, as it had been agreed that it should. When Dobson affirmed there were no liens upon the land, it was agreed that the conveyance should be in full satisfaction of Clifford's judgment. Under the facts as stated by Dobson and Peironnet, the defendant's counsel asked the court to charge the jury that the defendant was entitled to the money; and they relied upon the case of *Koons* v. *Hartman*, (7 *Watts* 20.)

The court below was of opinion that the plaintiff was entitled to recover, and thus instructed the jury.

Lewis, President.—We cannot instruct as requested: the case cited, as well as the others referred to, are not applicable to *this* case. The plaintiff had a clear right to hold his judgment as a lien upon this land for his own security. He could not do this it is true, in such a manner as to prejudice another; but if there had been no assignment, and no agreement to assign the judgment by Clifford, the court would have permitted Ayres, after paying Clifford for the judgment, to come in and be substituted as the equitable owner of the judgment, in order to protect him against the fraud which Dobson would otherwise have practised upon him. The lien of Peironnet's judgment could not be prejudiced by this arrangement. When that was entered, it was subject to the older lien of Clifford's judgment, and is not now in any way affected by the transfer of the land to Ayres.

The argument raised from the case of *Koons* v. *Hartman*, destroys itself. It assumes that Ayres being the owner of the land and of the judgment, the lien of the latter was thereby extinguished, and so the judgment of Peironnet is entitled to the money. If the land belongs to Ayres, then the money cannot belong to the defendant, as it is only upon the ground that (so far as this question is concerned) the land belonged to Dobson, that it can be claimed by the defendant; for if Dobson did not own the land, then the defendant is not entitled to the money for which the land was sold.

If Ayres being the owner of the judgment, either by assignment, or by such payment to Clifford as would give him the control of it, had taken a deed of the land from Dobson, and then sold and conveyed that land to another person, he would have been estopped from setting up the lien of the judgment against

[Richards v. Ayres.]

the land in the hand of his alienee. Had he attempted it, the principles laid down in the case above cited, would have been applicable. It might then with propriety have been said, that the judgment was merged in the deed: but this is not the case before us.

The court therefore instruct the jury that under the evidence, if the jury believe John Clifford, the plaintiff is clearly entitled to the money.

To this charge the defendant excepted, and assigned it for error.

*Case*, for plaintiff in error, cited 7 *Watts* 20; 4 *Kent. Com.* 102; 1 *Fonb. Eq.* 238.

*Greenough,* for defendant in error, cited 8 *Watts* 146; 5 *Watts* 456.

Per Curiam.—The doctrine of merger applicable to a case like the present, was fully considered in *Dougherty* v. *Jack*, (5 *Watts* 456); *Moore* v. *The Harrisburg Bank*, (8 *Watts* 146); and *Pennington* v. *Coats*, (6 *Whart.* 282); in the last of which it was said that merger depends generally, but not universally, on the intention of the party to be affected; that an intent to prevent it, is to be presumed wherever it was his interest that the term or encumbrance should not sink in the inheritance; and that such a consequence takes place only where it is indifferent to him. Such being the rule, it disposes of the case before us without more to do. The very object of the purchaser in taking an assignment of the judgment, was to protect his estate in the land; and if the consequence of the union be not unyielding, there never was a stronger case for equitable interference; consequently, the direction of the judge was entirely proper.

Judgment affirmed.