## DUNCAN *v.* DRURY.

Where one of two owners of land, subject to a mortgage, pays off the mortgage by instalments, and at the date of the last payment takes an assignment of the mortgage, it is not thereby merged or extinguished so as to give priority of lien to a subsequent judgment-creditor of the co-tenant.

In error from the Common Pleas of Erie.

Case stated. Hart purchased certain land from the administrators of Rogers, and assigned a moiety of his interest to Duncan. A deed was then made by the administrators to Hart & Duncan, who executed a mortgage for the purchase-money. Hart from time to time paid off part of the debt thus secured, and on paying the last instalment, being $50, took an assignment of the mortgage. Whether he could sue out the mortgage, and have judgment *de terris*, as against a subsequent judgment-creditor of Duncan, was the question, it being admitted that Duncan had made no payments on account of the debt secured by the mortgage.

The court was of opinion he might do so.

*Galbraith* for plaintiff in error, contended the parties here were principals, and there could be no subrogation in such case: 9 W. 451; 8 Ib. 384; 7 Ib. 99; 2 Penn. Rep. 379; 3 Ib. 200; 5 Raw. 114; 1 W. & S. 155; 4 Bar. 126.

*Marshall* and *Walker,* contrà.

*Oct.* 9. COULTER, J.—A mortgage is not of course merged by coming into possession of the owner in fee: Moore *v.* Harrisburg Bank, 8 Watts, 138. It depends generally upon the intention of the parties to the arrangement accompanying the operation, either of assignment or payment. An intent to prevent the merger will be presumed, whenever it is the interest of the party that the encumbrance should not be sunk in the inheritance: Richards *v.* Ayres, 1 W. & S. 485. Here, the intent of the mortgagor and mortgagee was quite apparent, that the security or encumbrance should be kept on foot, because the mortgagee assigned it to the recovering mortgagor. It is also clearly the interest of the mortgagor, that it should not sink in the inheritance. If it should be so held, an encumbrancer would get part of the proceeds of the sale in this case against equity, because, at the time he procured his encumbrance, the mortgage was indisputably the oldest lien; and it continued so, up till the payment of the money by Hart. Why then should the judgment against Duncan, the other mortgagor, who had really no equity in the land, all the money having been paid by Hart, be held extinguished by Hart's payment of the money contrary to the expressed intent of the parties, merely to take that much out of his pocket in favour of one whose whole lien was subject to the lien of the mortgage? If he or anybody else had bid up the land, to an amount exceeding the mortgage, then he would have got his money.

Judgment affirmed.