# Taylor *versus* Mayer.

1. The most that can be claimed for the words "under and subject" in a conveyance of land is, that as between the parties it creates a covenant of indemnity to the grantor on the part of the grantee: Moore's Appeal, 7 Norris 450; Samuel v. Peyton, Id. 465; Thomas v. Wiltbank, 6 W. N. C. 477; and Merriman v. Moore, 9 Norris 78, followed.

2. Where the terre-tenant of premises conveyed "under and subject," certifies to an assignee of the mortgage, that said terre-tenant is the owner of the mortgaged premises in fee, and has no defence to said mortgage, he is thereby estopped from making a defence to a suit on the mortgage, but does not impose any personal liability upon himself.

January 29th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term 1878, No. 1.

Assumpsit by Andrew Mayer against William H. Taylor, to recover $165.64 and interest, being the difference which certain premises realized at a sheriff's sale of the same under a second mortgage for $500, and the amount of said second mortgage and interest. The ground of the claim was a clause in the deed of conveyance of the said premises by Thomas S. Shoemaker and wife to William H. Taylor, dated December 9th 1875, stating that the said conveyance was made subject to the payment of the said mortgage. The *narr.* contained the common counts only. In the bill of particulars the claim above stated was set forth. The pleas were non assumpsit, payment and set off, with leave, &c.

[Taylor v. Mayer.]

The plaintiff on the trial offered in evidence the mortgage and various assignments of the same, the last being by Lewis Shronk to Andrew Mayer, on May 31st 1876. Also, deed of Shoemaker and wife to Taylor, dated December 9th 1875, for the mortgaged premises. This deed recited that the conveyance was "under and subject" to the mortgage in question.

The plaintiff also offered a certificate of no set off, signed by William H. Taylor, which set forth that he had notice of the intended assignment to Andrew Mayer, and "now, therefore, at the request of the said Andrew Mayer, I do hereby certify, acknowledge and declare, that I have no defence, set-off or claim whatever, in law or equity, to make against the said bond or mortgage, so to be assigned as aforesaid, but that the whole of the principal sum thereby secured, with the interest thereof, from the 5th day of February 1876, is justly payable, according to the provisions of the said bond and mortgage, and I do further declare that I am now seised in fee simple of and in the premises described and granted in and by the said indenture of mortgage."

Also, the sheriff's docket, showing the settlement with the sheriff, and the deficiency of $165 claimed.

The plaintiff's first point, which the court affirmed, was as follows: "That if the jury believe that the defendant, Taylor, accepted a conveyance of the premises in question, which expressly stated that it was made under and subject to the mortgage-debt, which was secured by the mortgage in question, and also gave to the plaintiff, Mayer, a certificate in which he declared that he had no defence or set off to make to the bond or mortgage aforesaid, and that he was then seised in fee simple of and in the premises described, and granted in and by the said indenture of mortgage, their verdict must be for the plaintiff."

The verdict was for plaintiff, and after judgment the defendant took this writ, and, inter alia, alleged that the court erred in affirming the above point.

C. H. Gross and T. J. Barger, for plaintiff in error.—The ruling of the court below is at variance with the recent decisions of this court. This case only differs in the fact that the certificate of no defence was given. If Mayer meant honestly and fairly to ascertain from Taylor whether he had any defence to the personal claim, or this particular defence, why is there not something on the face of the paper to show that the personal claim was in the mind of the parties, just as there is in reference to the claim on the bond and mortgage?

B. H. Lowry and A. Mayer, for defendant in error.—A mortgage is only collateral security; the debt or demand is what an assignee purchases, receiving with it the collateral security also. Judge Hare, in his note to Ryall v. Rowles, 2 Lead. Cas. Eq.

[Taylor *v.* Mayer.]

1673, says: "One who is asked to become the purchaser of a demand * * * may apply to the debtor for information, and if the latter states in response to such an inquiry that he has no defence, or that the amount is due, he cannot retract the admission after it has been acted on by the assignee."

Mr. Justice Paxson delivered the opinion of the cóurt, March 1st 1880.

The "under and subject" question has been fully discussed in recent cases. See Moore's Appeal, 7 Norris 450; Samuel *v* Peyton, Id. 465; Thomas *v.* Wiltbank, 6 W. N. C. 474, 476, 477, and Merriman *v.* Moore et al., 9 Norris 78. It is sufficient to apply the principles there decided to the facts of this case.

The sixth assignment raises the only questions that need to be considered. The learned judge instructed the jury in his answer to the plaintiff's first point: "That if the jury believe that the defendant Taylor accepted a conveyance of the premises in question which expressly stated that it was made under and subject to the mortgage-debt, which was secured by the mortgage in question, and also gave to the plaintiff Mayer a certificate in which he declared that he had no defence or set-off to make to the bond or mortgage aforesaid, and that he was then seised in fee-simple of and in the premises described, and granted in and by the said indenture of mortgage, their verdict must be for the plaintiff."

The most that can be claimed for the words "under and subject" in the conveyance is, that as between the parties it creates a covenant of indemnity to the grantor on the part of the grantee. This is the precise ruling in Merriman *v.* Moore and the other cases cited. It creates no liability to the mortgagee, and does not authorize a suit in his own name. But it was urged that the certificate of no set-off given by the grantee imposes a personal liability on his part to the mortgagee, and brings the case within that class wherein the mortgagee may sue as upon a promise made for his benefit. We do not so regard it. The certificate of Taylor, the owner of the premises bound by the mortgage, that he had no defence to said mortgage, falls very far short of imposing a personal liability. The further statement in the certificate that Taylor was seised in fee simple of the mortgaged premises does not help the matter. It was merely saying, I am the owner of the mortgaged premises; I have taken the same under and subject to the mortgage, and I have no defence to make to its payment if you see proper to enforce it. Surely a man so situated may say that as owner of the premises he has no defence to the mortgage without subjecting himself to a personal liability. There is nothing upon the face óf the paper to show that any such liability was in the contemplation of the parties. Had there been it should have been expressed in language free from ambiguity.

The judgment is reversed and a *venire facias de novo* awarded.