Lennox, to use of Crawford's Exrs., Appellant, *v.* Brower.

*Mortgage—Ground rent—Assignment—Act of June 12, 1878.*

The act of June 12, 1878, P. L. 205, which provides that grantees of real estate shall not be personally liable for mortgages, ground rents or other incumbrances thereon, unless they expressly bind themselves in writing, does not apply to an action by a grantor for the unpaid balance of the purchase money, where the grantee agreed by parol as a part of the consideration for the property to pay off the mortgages thereon.

Plaintiff owned three adjoining lots, each subject to a separate ground rent, and all jointly subject to subsequent mortgages. Two of the lots had been sold by the sheriff for arrears of ground rent, but title had not been taken. Judgment had been obtained for ground rent due on the third lot. Defendants verbally agreed to purchase plaintiff's interest in all the lots for the consideration of a certain sum in cash and the payment of all claims against the property. *Held,* that an action could be maintained by the plaintiff on this agreement.

Argued Jan. 4, 1894. Appeal, No. 3, July T., 1893, by plaintiff, Thomas Lennox, to use of James Crawford et al., executors of Samuel Crawford, deceased, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 152, on verdict for defendant, Francis M. Brower. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit by mortgagor, to use of holder of mortgage, to recover amount of mortgage, which defendant, as grantee of premises, agreed to pay.

The facts appear by the opinion of the Supreme Court.

The court below, under objection and exception, refused to permit plaintiff to show that, in part performance of defendant's agreement with plaintiff, defendant paid off one mortgage. [1]

The charge of the court was as follows:

" This case is settled by an act of assembly.    There cannot be a recovery upon a verbal promise in an action of this kind. The law of this state is that the ' grantee of real estate which is subject to ground rent, or bound by mortgage or other incumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other incumbrance, unless he shall, by agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance, stating that the grant is made on condition of the grantee assuming such personal liability : ' Act of June 12, 1878, P. L. 205 ; Purd. Dig., p. 1464.

" This is a bald verbal contract.    Even if it had been made in writing, it is very doubtful whether it would have been valid, it being a mere naked promise, because, when Mr. Brower bought the property, he bought it adversely at a sheriff's sale.    He had a right, if he saw fit, to assume any of the incumbrances and to pay them, but it was voluntary on his part.    There was no obligation on his part to pay any of the incumbrances which were discharged by the sheriff's sale.    Therefore, you will render a verdict for the defendant." [2]

Verdict and judgment for defendant.    Plaintiffs appealed.

*Errors assigned* were (1) ruling on evidence ; (2) charge of court ; quoting charge and offer of evidence but not bill of exception.

*Ormond Rambo*, for appellant, cited : Act of June 12, 1878, P. L. 205 ; Merriman v. Moore, 90 Pa. 78 ; Stoudt v. Hine, 45 Pa. 30 ; Whitcomb v. Kephard, 50 Pa. 85 : Clymer v. De-Young, 54 Pa. 118 ; Townsend v. Long, 77 Pa. 143 ; Justice v. Tallman, 86 Pa. 147 ; Wynn's Admrs. v. Wood, 97 Pa. 216 ; Fehlinger v. Wood, 134 Pa. 517.

*Joseph M. Pile*, for appellee, cited : Nugent v. Wolfe, 111 Pa. 471 ; Branson v. Kitchenman, 148 Pa. 541 ; Shoemaker v. King, 40 Pa. 107 ; Act of April 26, 1855, P. L. 308 ; Miner v. Graham, 24 Pa. 491 ; Hawes v. O'Reilly, 126 Pa. 440 ; Rosenthal v. Ehrlicher, 154 Pa. 396.

OPINION BY MR. JUSTICE FELL, March 12, 1894:

The plaintiff was the owner of three adjoining lots of ground, each subject to a separate ground rent, and all jointly subject to subsequent mortgages.   The lots were so situated as to constitute one property, the dwelling house covering parts of lots 1 and 3.   In 1888 lots 1 and 2 were sold by the sheriff under judgments for arrears of ground rent, and judgment had been obtained for ground rent due on lot 3.

The plaintiff alleges that at this time, title not having been taken from the sheriff for lots 1 and 2, he entered into a verbal agreement with the defendant to sell him his interest in all the lots for the consideration of $1,000 and the payment of all claims against the property; that in pursuance of this agreement the defendant paid him $1,000, and paid the amount of one of the mortgages, but refused to pay the amount of the remaining mortgages.   For breach of this contract this action is brought.

The case was taken from the jury by a direction to find for the defendant, and this and the overruling of offers of testimony are the errors assigned.

The learned judge of the common pleas based his direction upon the act of June 12, 1878, P. L. 205, Purdon's Digest, p. 1464, which provides that the grantee of real estate which is subject to ground rents or bound by mortgage or other incumbrance shall not be personally liable for the payment of the same unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor; and he assigned the additional reason that the contract was without consideration, and could not have been enforced even if in writing.   It is apparent that in the hurry of the trial the ground of the plaintiff's action was not made clear to the court.   This was not a suit by the holder of a mortgage against a grantee who had bought under and subject, and whom this act was meant to protect, or by the holder of a discharged mortgage who was attempting to hold the grantee liable on his mere promise to pay.   The suit was by the grantor for the unpaid balance of the purchase money, and consequently the act of June 12, 1878, had no application, and no question of the validity of the promise to a third party or the right of such party to enforce an agreement made for his benefit arose in the case.

The plaintiff's right to recover was based upon an alleged promise by the defendant to pay him for his interest in the property $1,000, and to pay off the mortgages. This is the contract set out in the statement filed, in support of which the testimony was directed. The plaintiff had an interest to sell. At this time he owned one of the lots, on which a part of the dwelling stood, absolutely. Without this lot the others would be of little value. The other two lots had been sold by the sheriff and purchased by the attorney who had issued the writs, for amounts sufficient only to cover the judgment for arrears of rent and costs, but title had not been taken. He might well assume that by the payment of the amounts due he could still retain the title, or that the sheriff's sale could be set aside. In any event he had an interest to sell, and fixed his price for it, and the manner of payment. He had both a moral and a business reason for wishing the mortgages paid off, as his bonds were outstanding. He was an infirm old man, unaccustomed to business; and the defendant, who was a real estate agent, knew much more of the matter than he did, as he had already negotiated with the purchaser at the sheriff's sale, and arranged to take title to the properties sold if he could succeed in buying of the plaintiff.

The defendant got what he bought, and in his own way, and as a net result obtained title to property which, according to the testimony, was worth $6,000 subject to the ground rent, by the payment of less than one third of that sum. However differently this may appear when the defendant is heard; it is sufficient for the present purpose that the plaintiff both in the allegations and proofs presented a case that should have gone to the jury.

The judgment is reversed, and a venire de novo awarded.