# Continental Title & Trust Company *v.* Devlin, Appellant.

*Practice, C. P.—Affidavit of defense—Written contracts.*

Where in an action of assumpit it appears that the case turns upon the interpretation of written contracts set forth in the statement of claim and affidavit of defense, and there is no substantial dispute as to facts, the court has jurisdiction to direct a verdict for one side or the other in accordance with its interpretation of the writings.

*Mortgage—Merger—Payment—Intention.*

The rule "that if the holder of a senior mortgage purchase the equity of redemption, the sale being made on a junior mortgage held by him," subject to the lien of the senior mortgage, such purchase operates as a payment of the debt evidenced by the senior mortgage, and such mortgage is barred from further remedy on the debt," applies only where it is the intention of the parties that the purchase should operate as a payment of the debt evidenced by the senior mortgage. If it appears that there was an express agreement of the parties that the senior mortgage should be held until certain advances were repaid, then the purchase under the junior mortgage will not operate as a payment of the debt evidenced by the senior mortgage.

*Mortgage—Res adjudicata—Judgment.*

Where on a scire facias sur mortgage given on land being improved by

a building operation, no defense is entered that the plaintiff had defaulted in making advances agreed upon, no such defense can subsequently be set up in a suit on another mortgage between the same parties.

Argued Jan. 15, 1904. Appeal, No. 163, Jan. T., 1903, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1902, No. 2397, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Continental Title & Trust Company v. John Devlin. Before Mitchell, C. J., Dean, Fell, Brown, Mestrezat, Potter and Thompson, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and the affidavits of defense are set forth in the opinion of the Supreme Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Edward W. Magill*, of *Alexander & Magill*, for appellant.— The courts of Pennsylvania and of other jurisdictions uniformly hold that if a holder of a senior mortgage purchase the equity of redemption, the sale being made on a junior mortgage held by him, subject to the lien of the senior mortgage, such purchase operates as a payment of the debt evidenced by the senior mortgage, and such mortgagee is barred from further remedy on the debt : Steele v. Walter, 204 Pa. 257 ; Dollar Savings Bank v. Burns, 87 Pa. 491 ; Carpenter v. Koons, 20 Pa. 222 ; Hansell v. Lutz, 20 Pa. 284 ; Bryar's App., 111 Pa. 81 ; Cock v. Bailey, 146 Pa. 328 ; Zeller v. Henry, 157 Pa. 1 ; Fuel Co. v. Gas Co., 162 Pa. 78 ; Worcester Savings Bank v. Thayer, 136 Mass. 459.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellee.—The reason why a purchaser may not hold a debtor on the bond accompanying a paramount mortgage is because the mortgaged land is primarily liable for the payment of the debt

secured by the mortgage. Here, however, as between the defendant and us the mortgaged land is primarily liable for the advances made by us. Cessante ratione cessat et ipsa lex. And it is inapplicable for the further reason that there is no attempt in this case to proceed upon the bond, but only upon the mortgage itself as against other property included in it.

That a property is relieved from the lien of all existing securities given for a debt, when the property itself is sold for the payment of the debt, would seem to be a necessary consequence of the sale, and has been many times decided: McGrew v. McLanahan, 1 P. & W. 44; Pierce v. Potter, 7 Watts, 475; Morris v. Campbell, 186 Pa. 589; Ruth's App., 20 W. N. C. 375; Clarke v. Stanley, 10 Pa. 472; Berger v. Hiester, 6 Wh. 210; West Branch Bank v. Chester, 11 Pa. 282; Moyer v. Garrett, 96 Pa. 376; Hartz v. Woods, 8 Pa. 471.

Defendant's ownership in the eighty properties having been divested by the sheriff's sale, the only remaining interest he could have would be in the other land bound by this mortgage. He does not pretend that any notice was given us not to release the eighty lots from the lien of that mortgage, yet notice was essential if he wished to preserve any of his alleged rights, and to prevent us from releasing after the sheriff's sale: Taylor v. Maris, 5 Rawle, 51; McIlvain v. Assurance Co., 93 Pa. 30; Snyder v. Crawford, 98 Pa. 414; Hemperley v. Tyson, 170 Pa. 385.

It is averred that the eighty houses were not completed because of plaintiff's default in not making the advances agreed upon. This is res adjudicata: Myers v. Kingston Coal Co., 126 Pa. 582; Orr v. Ins. Co., 114 Pa. 387; Reehling v. Byers, 94 Pa. 316; Meckley's App., 102 Pa. 536.

OPINION BY MR. JUSTICE DEAN, June 15, 1904:

This is an appeal by defendant from a judgment entered against him in the court below for $28,852.84 in default of a sufficient affidavit of defense.

It is necessary to an understanding of appellant's complaint of error, to briefly state the facts. The defendant was the owner of a plot of ground in Germantown and also of land in the southern part of the city. Plaintiff advanced to defendant $50,000 to be applied as purchase money and. to the dis-

charge of two small mortgages on the Germantown property and for this took from him as security the mortgage on that property now in dispute.   Then, defendant desiring to build on this property cut it up into eighty lots, and agreed with plaintiff, that it should advance to him money to build upon the lots as the money was needed for the buildings, defendant to deliver to plaintiff as security therefor eighty separate mortgages in the whole aggregating $200,000, one on each lot.   It was further agreed that the first or $50,000 mortgage should stand also as security for the completion of the houses and as a protection against mechanic's and municipal liens ; it was further agreed that the trust company would release the lien of the $50,000 mortgage on the eighty lots upon which the money was to be expended by defendant in the contemplated building operations.

After a sheriff's sale on the eighty mortgages the company did record a release on the properties sold.   But no release was formally executed and delivered at the time by plaintiff nor did defendant ever demand one.   Defendant went on with his building operations, plaintiff advancing him from time to time large sums of money; after some time a dispute arose between them, defendant alleging that the advances were not so rapidly made nor so large as agreed upon, stopped his work. Then the parties came together and adjusted their dispute, by another agreement, to wit : plaintiff to advance $65,000 to defendant on another wholly different building operation, and to be wholly relieved from further advances on the Germantown improvements; defendant agreeing that the advances already made should be repaid within ninety days; and that the $50,000 mortgage should stand as security to plaintiff for such advances until repayment.

Defendant did not repay the advances as he agreed to do ; thereupon plaintiff issued sci. fa. and took judgment on each of the eighty mortgages, issued lev. facias and the sheriff sold the lots.   Nearly all of them were purchased by plaintiff.   Defendant was present at the sale and bid on several of the lots. No notice was given by him of any defect in the title or any incumbrance by prior lien, nor was there any motion to set aside the sale after it was made.   After this sale of the eighty lots, plaintiff alleging that it had not been repaid its loans by

the money realized at the sheriff's sale nor had it been repaid advances made on the $50,000 mortgage, issued this sci. fa. on that mortgage to collect the amount still payable to it. To this suit defendant filed affidavit of defense, averring that the $50,000 mortgage was held by plaintiff only to protect it against mechanics' liens and municipal liens which might be filed against the eighty houses and to insure the completion of the houses, and that it had received other mortgages aggregating $200,000 as collateral security for the payment of the money advanced; that plaintiff did not hold the $50,000 mortgage as security for any money loaned to him, the defendant, and that all the property described in the said last named mortgage had been purchased by plaintiff at the sheriff's sales; and further, that plaintiff is not entitled to judgment on said mortgage because it has suffered no loss by any default of defendant or any failure by him in his contracts. The court gave judgment in default of a sufficient affidavit of defense.

An inspection of plaintiff's statement of claim on which the sci. fa. is founded, and the affidavit of defense filed, shows a very wide dispute as to the interpretation of the written contracts, but no substantial dispute of fact is disclosed. Therefore the court below had jurisdiction and properly, without the intervention of a jury, entered judgment, for had the issue come to a trial before a jury it would have been the duty of the court, if it had interpreted the writings, to have peremptorily directed a verdict for one side or the other.

As we have already noticed, after the eighty separate mortgages were given and the defendant was proceeding with his building operations, a dispute arose between the parties, which was settled by an agreement dated April 13, 1901. In that agreement is this stipulation: "That all security mortgages and bonds held by the said company as security for the completion and against liens of the said one hundred and sixty-four houses, shall also be held by said company as security for the repayment of all moneys due it on the Germantown operation, with the same force and effect as though security mortgages and bonds had been originally given for both operations." The plaintiff averred that the $50,000 mortgage on which this sci. fa. is issued was one of the security mortgages held by it under this description; that the eighty separate mortgages

which had been foreclosed and sheriff's sales had, were also security mortgages specified in the same clause of the agreement. Before this last agreement was made, one had been executed by the parties on February 23, 1900, in which this $50,000 mortgage is specially referred to as a security then held by the plaintiff for advances, liens, completion of houses, etc. In the agreement first noticed, that of April 13, 1901, there was further this additional clause : " And the said John Devlin further releases the said company from any and all claims to make further advances to him under a certain agreement relating to his operation in Germantown, and agrees to repay the company all moneys heretofore advanced to him under said agreement together with its proper charges within ninety days from the date hereof."

The plaintiff fully and specifically sets out in its statement all the advances made by it on the different mortgages, with credits of all payments made, whether by receipt or proceeds of sheriff's sales or otherwise, and avers that on this mortgage there is still a sum certain due and unpaid.

It is very clear to us that by a proper construction of the two agreements, that of February 23, 1900, with that of April 13, 1901, it was the intention of the parties that all the mortgages on the Germantown property were to be held by plaintiff as security for all the advances made to defendant on all the property described in these mortgages. The defendant avers this $50,000 mortgage was given only to cover mechanics' liens and as a guarantee for the completion of the houses, but the averment is negatived by the seventh clause of the agreement of April 13. Plaintiff agrees only upon the performance by defendant of that condition, payment of money due it and its proper charges, to assign or transfer the mortgage. This intention is further reiterated in the short supplemental agreement (exhibit C) of the same day where substantially the same language is repeated.

We think the manifestly correct interpretation of all the agreements when viewed together, is, that the parties intended when plaintiff advanced the $65,000 for the new operation in another part of the city, it was to be relieved from any further advances on the Germantown operation, but all the securities then held by plaintiff by reason of advancements on that prop-

erty were to be retained by it until the money already advanced was repaid.

But appellant argues, that if the "holder of a senior mortgage purchase the equity of redemption the sale being made on a junior mortgage held by him, subject to the lien of the senior mortgage, such purchase operates as a payment of the debt evidenced by the senior mortgage, and such mortgage is barred from further remedy on the debt." The soundness of this rule cannot be questioned; whether the result should follow in any particular case depends on whether the facts in the particular case demand its application. Like the doctrine of "merger," it depends upon the intention of the parties whether an incumbrance shall merge in the estate of a purchaser on a subsequent lien. It may to subserve some honest purpose be kept alive: Moore v. Harrisburg Bank, 8 Watts, 138; Richards v. Ayres, 1 W. & S. 485. As to third parties who might have been misled by it, such intention might be ineffective. But here the only parties interested are appellant and appellee, and they, as we have already shown, with the expressed intention that the trust company should be protected in advances made on the $50,000 mortgage, agreed that it should be held by the company until such advances were repaid.

Defendant in his affidavit avers that the eighty houses were not completed because of the trust company's default in not making the advances it had agreed to make while the buildings were being put up. Every question of this kind was, necessarily, at issue in the suit on the eighty mortgages and must be considered as settled by the judgments in those suits. Nothing in the assignment of errors calls for further notice. The judgment entered by the court below with the limitations and exceptions therein set forth is affirmed.