## The James B. Sheehan Building and Loan Association v. Scanlon

Alexander M. Haig, for plaintiff.

Horenstein, Feldman & Harvey, for defendant.

PARRY, J., June 8, 1932.—The defendant who had borrowed $7500 from the plaintiff building association on second mortgage, being in default, made an

agreement which provided that the building association take title to the property, hold it indefinitely and reconvey to the defendant at his request upon payment of the amount then ascertained to be due upon the original loan, with the proviso that if it became necessary to dispose of the property to protect the association's interest it might do so after giving the defendant an opportunity to redeem. The deed from the defendant to the plaintiff recited, inter alia, that it was under and subject to the building association's second mortgage for $7500, with interest due and to become due, but before the association accepted the deed it had entered judgment on the bond and warrant without assessing damages thereunder. Under this agreement the association has collected the rents from the premises since March 9, 1931.

No change appears to have occurred in the situation, but the defendant has now taken a rule upon the plaintiff to show cause why the judgment should not be opened or the court allow the defendant other relief by striking it off or marking it satisfied. At the argument counsel stated that no purpose would be served by taking depositions, as the facts recited herein were not in dispute. It must, therefore, be taken as conceded by the plaintiff that the mortgage referred to in the "under and subject" clause was not a part of any purchase price paid by the plaintiff to the defendant and that no purchase price was paid or intended to be paid.

The defendant contends, however, that the conveyance by him to the plaintiff extinguished the mortgage by merger and that the plaintiff as grantee under and subject to the mortgage is bound to indemnify the grantor who is compelled to pay thereunder, and in any event there is an extinguishment of the debt. He relies on the case of Orient Building and Loan Ass'n v. Freud, 298 Pa. 431, in which the association through mesne conveyances ultimately acquired title to the property upon which it held a mortgage and entered judgment on the bond for the full amount of the mortgage debt, with interest, an attorney's commission and alleged arrearages of dues, premiums and fines on certain shares of stock assigned to it by the defendant at the inception of the loan without giving any credit for the value of the shares. The court below opened the judgment, presuming, for it was given no information on the point, that the amount due on the mortgage was part of the consideration for the purchase, and it may be inferred from the opinion of the Supreme Court that if such amount had not been a part of the consideration a different conclusion would follow. As it was, the only question for determination was whether the court below had abused its discretion in opening the judgment, and it was held that there was nothing before the Supreme Court to enable it to reach that conclusion.

The case at bar is altogether different, and to say no more lacks the presumption upon which defendant seeks to rely while at the same time conceding facts that conclusively rebut it.

Equitable and contractual principles no doubt require the presumption that the purchaser of an estate under and subject to a mortgage intends to indemnify the vendor for money he is obliged to pay on the mortgage debt, but we do not think we are here required to apply any such rule. May's Estate, 218 Pa. 64, and cases there cited illustrate the principle, but they proceed upon the theory that the vendor has suffered a loss and is entitled to reimbursement from his vendee upon the implied covenant in the deed of conveyance. There could be no recovery on the covenant of indemnity until it is shown that the grantor has suffered a loss, and none is shown here.

The situation may be anomalous, but it arises from a convenient arrangement made for the purpose of protecting the interest of the association's shareholders while giving the defendant an extended opportunity to redeem his property

648

which otherwise would be lost, with the added obligation under his bond to make good any deficiency.

The principle of law which provides that where the holder of a mortgage purchases the fee such purchase operates as a payment of the mortgage debt would seem to apply only where it is the intention of the parties that the purchase should so operate. In Moats v. Thompson, 283 Pa. 313, 321, the court said:

"Merger is a question of intention, and where the mortgagee's intention is not to merge the mortgage will be kept alive: Continental Title and Trust Co. v. Devlin, 209 Pa. 380; Bryar's Appeal, 111 Pa. 81, 91; Duncan v. Drury, 9 Pa. 332; Moore v. Harrisburg Bank, 8 Watts 138. A merger will never take place where it is against the interest of the mortgagee or when it is to his advantage to keep it alive: Wallace v. Blair, 1 Grant 75, 81; Hartzell's Estate, 188 Pa. 384, 390, it being presumed that there was an intention in such case to keep it alive: Penington v. Coats, 6 Wharton 277, 283; Richards v. Ayres, 1 W. & S. 485, 487."

To deprive the plaintiff of the security of its judgment and confine it to the real estate would be inequitable. It was never intended that the mortgage should merge in the fee, and it, therefore, remains in effect. Even if the transaction between the parties be regarded as a sale of the property, the defendant has shown no loss entitling him to reimbursement, and at best it appears to us that his petition is premature. The association has not departed from its agreement, it has not attempted to assess damages or issue execution under its judgment. It acknowledges that the defendant would be entitled upon any assessment of damages to a credit in the amount of the withdrawal value of his shares assigned to the plaintiff at the time of the original transaction, and it admits that the withdrawal value of those shares at the present time is $2587.50. The judgment was entered prior to the acceptance of the deed from the defendant to the plaintiff, and there is nothing before us to indicate that it was any part of the agreement between the parties that the judgment should be opened or stricken off.

The rule is discharged without prejudice to the defendant's right to have an issue framed to assess the damages should occasion arise.