Naffah, Appellant, *v.* Diebold et al.

Submitted March 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Latoof Naffah,* in propria persona, appellant.

*J. H. Bialas* and *T. F. Ryan,* of *Bialas & Ryan,* for appellees.

PER CURIAM, April 11, 1944:

Plaintiff, Latoof Naffah, was the owner of certain land in Pittsburgh upon which he undertook the construction of an apartment building. He borrowed considerable sums of money from a bank, the loans being secured by mortgages on this and other properties, but

as he lacked resources to finance the building to its completion and became largely indebted to contractors and subcontractors he and his wife conveyed the property, under and subject to the mortgage liens thereon, to a committee of his creditors, the present defendants. The project did not work out and several years later the creditors' committee deeded the property, subject to the mortgages, to a vice president of the bank acting as its nominee.

The present proceeding is by a bill in equity which alleges that the bank, in the years 1928 and 1930, appropriated funds of plaintiff coming into its hands and applied them in part payment of his obligations on the mortgage bonds. The bill asks for an accounting for such funds.

It should be immediately obvious that *defendants* did not receive any of these moneys and that there is therefore nothing for which they can be called upon to account; were there any legitimate claim against them it would be in assumpsit for whatever amount plaintiff was obliged to pay (by reason of the bank's appropriation of his funds) in satisfaction of the indebtedness on his bonds.

But plaintiff has no cause of action whatever. He entirely misapprehends the principle of law which he is here attempting to invoke. Where land is sold and conveyed under and subject to a mortgage there arises an implied obligation on the part of the vendee to indemnify the vendor against the latter's personal liability for the debt, but this is true only if such obligation constitutes part of the consideration for the conveyance, in which case, the amount of the mortgage lien being deducted from the purchase money, the parties naturally intend that, as between them, the vendor is to be relieved from all liability thereon, and if, therefore, the mortgagee, instead of obtaining satisfaction from the land, proceeds against the mortgagor on his bond, the latter can call on his grantee for indemnity: *Burke v. Gummey,* 49 Pa. 518, 519; *Moore's Appeal,* 88 Pa. 450,

453; *May's Estate*, 218 Pa. 64, 69, 67 A. 120, 121. "The theory under which an agreement of indemnity has been implied from an 'under and subject' clause is based upon the proposition that the purchaser is acquiring the entire fee and is deducting from the purchase price the amount of the mortgage. Having obtained the benefit of the mortgage as a credit on the purchase price, the purchaser is held to have assumed the mortgage as between himself and the seller, and therefore is bound to indemnify the seller against loss on the mortgage": *Ryon's Estate*, 318 Pa. 171, 175, 176, 178 A. 133, 134. It is clear, therefore, that no implied covenant of indemnity arises unless the obligation to pay the incumbrance constitutes part of the purchase price. Here there was no sale of the property by plaintiff to defendants, the latter constituting merely a creditors' committee to whom he conveyed the land in order to enable them to work out the liquidation of their claims and, if possible, his own financial salvation; it would be absurd to suppose that under such circumstances it was intended they should relieve him from, and assume personal liability for, the indebtedness on his bonds over and above what might be realized from the property upon foreclosure. We stated in *Naffah v. City Deposit Bank*, 343 Pa. 348, 351, 23 A. 2d 340, 342, in which plaintiff sought a similar recovery from the bank: "This familiar doctrine (of the liability of a grantee to indemnify his grantor against liability on the mortgage debt) is obviously not applicable to the transaction in the present case."

Even if, notwithstanding what has been said, plaintiff ever had any claim against these defendants, it has long since been barred by laches, as the court below properly held. For it would have arisen, at the latest, in 1930, and since, in proceedings of this nature, equity adopts the same limitation as prevails in actions at law, it would have been barred in six years thereafter, no attempt having been made to deceive plaintiff or to conceal the alleged appropriation of his funds: *Ebbert v. Plymouth Oil Co.*, 348 Pa. 129, 34 A. 2d 493.

Decree affirmed at appellant's costs.