## Samuelson v. Samuelson

*Stanley P. Ticktin*, for plaintiff.
*Michael J. Wetmore*, for defendant.

WILLIAMS, P. J., March 28, 1973.—Plaintiff instituted an assumpsit action against defendant alleging a breach by defendant of paragraph X in an agreement dated September 22, 1966, which reads as follows:

"Husband agrees that there is a community obligation on a promissory note secured by a Deed of Trust on the real property designated herein as undeveloped real property located at Timber Cove, California and husband hereby agrees that he shall pay said promissory note within five years time and that he shall hold wife harmless from said debt."

Defendant has filed a number of preliminary objections, only one of which needs to be considered, which,

in effect, states that plaintiff's complaint does not state a cause of action.

The issue raised by the pleadings is whether the agreement, allegedly executed by defendant, is a contract of indemnity against loss or whether it is a contract to protect plaintiff against liability. If it is a contract against loss, then liability does not arise until a loss has been sustained. If a contract to protect against liability, the indemnitee may recover as soon as his liability is established. See Fair Oaks Building & Loan Association v. Kahler. 320 Pa. 245 (1935).

The agreement sued upon states:

"Husband agrees that there is a community obligation on a promissory note . . . and husband hereby agrees that he shall pay said promissory note within five years time and that he shall hold wife harmless from said debt."

Community property is property owned in common by a husband and wife as a kind of marital partnership: Lux's Estate, 114 Cal. 73, 45 P. 1023. It would appear that a "community obligation" means the common obligation of husband and wife, and it is from such an obligation defendant agreed to save plaintiff harmless.

Under these circumstances, we construe the agreement as one which indemnifies plaintiff against loss rather than liability. The complaint does not aver that plaintiff has suffered a loss by being required to pay the note. Consequently, under the ruling of Fair Oaks Building & Loan Association v. Kahler, supra, we must sustain the demurrer raised by preliminary objection no. 4.

## ORDER

And now, March 28, 1973, preliminary objection no. 4 is sustained and plaintiff is given 20 days in which to file an amended complaint.